

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAH JAH BEY
Vs.
GC SERVICES LIMITED PARTNERSHIP

C.A. No.   2015 CA 002116 B

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL O'KEEFE
Date:  March 27, 2015
Initial Conference: 9:30 am, Friday, June 26, 2015
Location:  Courtroom A-47
          515 5th Street NW
          WASHINGTON, DC  20001



# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

JahJah Bey
1462 Belmont St. NW DC 20009 _____ Plaintiff

vs.

Case Number **15- 0002116**

Gic Business Limited Partnership
Serve: CT Corporation System
1015 15th St. Suite 1000
NW, DC 20005 _____ Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

JahJah Bey (pro se)
Name of Plaintiff's Attorney

1462 Belmont St
Address NW DC 20009

Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court
By _____ Deputy Clerk
Date _____

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                 CASUM.doc



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                         Demandante
        contra
                                                Número de Caso: _____
_____
                         Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

_____          Por: _____
Dirección                                                      Subsecretario

_____
                                                              Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# IN THE SUPERIOR COURT FOR THE
# DISTRICT OF COLUMBIA

JAH JAH BEY,
1462 Belmont Street
NW, District of Columbia 20009

Plaintiff,

vs.

GC SERVICES LIMITED PARTNERSHIP
Serve: C T Corporation System
1015 15th Street Suite 1000
NW, District of Columbia 20005

Defendant.

CASE NO.

Judge: 15 - 0 0 0 2 1 1 6

RECEIVED
Civil Clerk's Office
MAR 27 2015
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, Jah Jah Bey, (hereafter the "Plaintiff") and for his complaint against the Defendant GC Services Limited Partnership ("GCS") alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, punitive and statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter, "FCRA"), D.C. Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq.* ("DCCPPA"); and D.C. Consumer Credit Protection Act, D.C. Code § 28-3801 *et seq.* ("Consumer Act").

### PARTIES

2. The plaintiff is a natural person and resident of the District of Columbia. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and FDCPA, 15 U.S.C. §1692a(3).

1

3. Defendant GC Services Limited Partnership is a Delaware Limited Partnership Company principally located at 6330 Gulfton, Houston, TX 77081.

4. Defendant is in the business of collecting debts due to another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6).

5. Defendant is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), in that it regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

## FACTS

6. The Defendant GCS claims to have acquired ownership of a purported outstanding debt owed by Mr. Bey to Sprint. The alleged debt derives from a mobile phone account between Mr. Bey and Sprint ("Sprint Account"). Mr. Bey primarily used the mobile phone account for family, personal, or work-related purposes and meets the definition of a "debt" under 15 U.S.C. §1692a(5).

7. On August 2014, Plaintiff received a letter from GCS ("LTTR1") attempting to collect the alleged debt of $403.71 derived from the Sprint Account.

8. On or about September 8, 2014, Plaintiff sent a letter ("DL1") to GCS requesting that GCS send him any document or documents that could establish GCS's authority to collect on the Sprint Account. DL1 also included language requesting GCS to send Plaintiff any document or documents that could establish the debt amount of $403.71, and Plaintiff's liability to pay the debt amount of $403.71.

9. On or about September 11, 2014, Plaintiff received a second debt collection letter from GCS ("LTTR2"). LTTR2 did not include any document or documents that could establish any of Plaintiff's requests in his first dispute letter to Defendant (DL1).

10. On or about September 15, 2014, Plaintiff sent a second letter ("DL2") to GCS requesting that GCS send him any document or documents that could establish GCS's authority to collect on the Sprint Account. DL2 also included language requesting GCS to send Plaintiff any document or documents that could establish the debt amount of $403.71, and Plaintiff's liability to pay the debt amount of $403.71.

11. On or about September 18, 2014, Plaintiff received a third letter from GCS ("LTTR3") purporting to be verification of the alleged debt Plaintiff had disputed in his DL1 and DL2 letters. LTTR3 also stated that Plaintiff's credit report had been updated to reflect that the balance is disputed. Attached to LTTR3, was a summary invoice from Sprint which displayed May 2014 payment in full from Plaintiff and New Charges for June 2014 in the amount of $403.71.

12. On October 6, 2014, Plaintiff called Defendant to inquire about the GCS collection Account. Plaintiff asked an account representative from GCS several questions that were answered as seen below:

   a) Plaintiff: "Does GC Services own the account they are attempting to collect from me?" Representative: "Yes, we are collecting on the account we have on file."

   b) Plaintiff: "How did the amount of $403.71 accrue since I paid my full balance in May?" Representative: "The $403.71 is owed due to early termination fees."

   c) Plaintiff: "Do you have any documentation or contract that authorizes such early termination fees and that I am liable to such early termination fees?" Representative: "No".

d) Plaintiff: "I just checked my credit report, and don't see any collection account from GC Services on any of my reports. Has GC Services reported this account to any of the credit bureaus yet?" Representative: "Our records indicate that we have not reported this account to any of the credit bureaus yet."

13. On or about October 9, 2014, Plaintiff received a fourth letter from GCS ("LTTR4") purporting to be verification of the alleged debt Plaintiff had disputed in his DL1 and DL2 letters. Attached to LTTR4, was a summary invoice from Sprint which displayed May 2014 payment in full from Plaintiff and New Charges for June 2014 in the amount of $403.71.

14. On October 31, 2014, Plaintiff sent a dispute letter ("CRADL1") to Transunion, Equifax, and Experian disputing the GCS collection account.

15. Upon information and belief the credit reporting agencies forwarded CRADL1 to GCS.

16. Despite Mr. Bey's credit reporting agency disputes, and although GCS lacked documentation to establish that Plaintiff owed the alleged debt, GCS maliciously continued to instruct one or more of the credit reporting agencies to report the GCS collection account.

17. The GCS collection account remained on one or more of Plaintiff's credit reports from October 2014 through January 2015.

18. The debt amount on the GCS collection account is false, and GCS's claim that Mr. Bey owes a debt is false.

19. The GCS collection account was false and incorrect.

20. On December 4, 2014, Plaintiff sent a third letter ("DL3") to GCS requesting that GCS send him any document or documents that could establish GCS's authority to collect on the Sprint Account. DL3 also included language requesting GCS to send Plaintiff any document or documents that could establish the debt amount of $403.71, and Plaintiff's liability to pay the debt amount of $403.71.

21. GCS never responded to DL3 and never provided Plaintiff with any document or documents requested in Plaintiff's DL1, DL2, or DL3 letters.

22. On January 26, 2015, Plaintiff sent a second dispute letter ("CRADL2") to Transunion, Equifax, and Experian disputing the GCS collection account.

23. Upon information and belief the credit reporting agencies forwarded CRADL2 to GCS.

24. Despite Mr. Bey's credit reporting agency disputes, and although GCS lacked documentation to establish Plaintiff owed the alleged debt, GCS maliciously continued to instruct one or more of the credit reporting agencies to report the GCS collection account.

25. The GCS collection account remained on one or more of Plaintiff's credit reports, and was deleted from one or more of Plaintiff's credit reports.

26. The debt amount on the GCS collection account is false, and GCS's claim that Mr. Bey owes a debt is false.

27. The GCS collection account was false and incorrect.

28. On March 9, 2015, Plaintiff contacted GCS via telephone to obtain details about the alleged debt and was advised that GCS had limited information on the debt. Nevertheless, GCS insisted that the debt was legitimate and be paid. Plaintiff inquired into GCS's legal right to collect the alleged debt and was told by GCS's employee, Robert Alvarado, that GCS did not have proof of a contractual right to collect the alleged debt or contractual proof of how the alleged debt accrued to be $403.71. Robert Alvarado also informed Plaintiff that the GCS collection account wasn't reported to the credit bureaus until October 9, 2014.

29. The GCS debt is completely unfounded for as defendant claims to be collecting on a debt from a creditor that Plaintiff has paid in full and does not owe a debt to.

## COUNT ONE: VIOLATIONS OF FDCPA

30. Plaintiff incorporates paragraphs 1-29 by reference.

31. Defendant GCS violated 15 U.S.C. §1692e by reporting information to the CRAs that GCS knew to be false. GCS knew it had no documentation to support Plaintiff owed a debt to Sprint, much less owed a debt to GCS.

32. Defendant GCS violated §1692e by falsely stating that they had updated Plaintiff's credit report, when in fact they had not done so, and had not yet reported the GCS collection account on Plaintiff's credit report.

33. Defendant GCS violated §1692e by sending Plaintiff documents which falsely represented to be documents that could:

   a. Establish GCS's authority to collect on the Sprint Account;

   b. Establish the debt amount of $403.71 GCS attempted to collect from Plaintiff and reported on Plaintiff's credit report; and

   c. Establish Plaintiff's liability on the GCS collection account;

34. Defendant GCS violated §1692f by attempting to collect a fee that was not authorized by contract or statute.

35. Defendant GCS' illegal debt collection activities have caused the Plaintiff economic damages and emotional/mental distress damages.

36. Plaintiff seeks actual damages in an amount of $7,000, statutory damages in an amount of $1,000 and reserves his right to seek reasonable attorney's fees in the event he obtains counsel.

## COUNT TWO: VIOLATION OF FCRA

37. Plaintiff incorporates paragraphs 1-36 by reference.

38. GCS both negligently and intentionally violated the Fair Credit Reporting Act at 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of the account.

39. Either GCS did not investigate the dispute at all or GCS intentionally reported incorrect information. If GCS conducted a reasonable investigation it would have concluded the account was inaccurately being reported.

40. GCS had a duty under the FCRA at §1681s-2(b)(1)(D) & (E) to delete or modify the account after it could not verify the disputed information.

41. GCS' foregoing violations have caused the Plaintiff to incur both economic and emotional distress damages.

42. Plaintiff is seeking punitive damages in the amount of $10,000 for Defendants' willful violations of the FCRA under 15 U.S.C. §1681n. Plaintiff is also seeking actual damages in the amount of $2,500 for Defendant's negligent and willful violations of the FCRA under 15 U.S.C. §1681n & §1681o. Additionally, Plaintiff is entitled to statutory damages of $1,000 and his costs for bringing this action. Lastly, Plaintiff reserves his right to obtain attorney and seek attorney's fees.

## COUNT THREE: VIOLATIONS OF DCCPPA

43. Plaintiff incorporates paragraphs 1 through 42 by reference.

44. Defendant GCS violated D.C. Code §28-3904(e) by knowingly misrepresenting that:

    aa. Plaintiff owed Defendant an amount of $403.71;

    bb. Plaintiff had a delinquent debt with Sprint and/or GCS;

    cc. Defendant had acquired ownership of the Sprint account; and

    dd. Defendant had reported the GCS collection account on Plaintiff's credit report, and updated Plaintiff's credit report, when in fact it had not done so.

45. As a result of the DCCPPA violations, the Plaintiff has suffered substantial damages and actual damages, including but not limited to out-pocket expenses, emotional and mental pain and suffering, humiliation and embarrassment.

46. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for the greater of treble damages or $1,500 per violation pursuant to D.C. Code §28-3905(k)(1)(A), punitive damages in an amount to be determined by the jury pursuant to D.C. Code §28-3905(k)(1)(C), and reasonable attorney's fees pursuant to D.C. Code §28-3905(k)(1)(B).

## COUNT FOUR: VIOLATIONS OF CONSUMER ACT

47. Plaintiff incorporates paragraphs 1 through 46 by reference.

48. Defendant GCS violated D.C. Code §28-3814(f)(5) by falsely representing that Plaintiff owed it an amount of $403.71 for a delinquent debt that did not exist.

49. Defendant GCS violated D.C. Code §§28-3814(f)(8), (g)(4) by attempting to collect $403.71 when Defendant had no valid contract expressly authorizing the collection of that amount.

50. Defendant's willful conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the jury pursuant to D.C. Code §28-3814(j)(1), punitive damages pursuant to D.C. Code §28-3814(j)(2), and other costs including reasonable attorney's fees pursuant to D.C. Code §28-3813(e).

WHEREFORE, your Plaintiff requests $9,500 in actual damages from Defendant; $10,000 in punitive damages for violations of the FCRA; $2,000 in statutory damages; and such other relief as the Court deems just, equitable, and proper pursuant to D.C. Code §28-3905(k)(1)(A); D.C. Code §28-3905(k)(1)(C; D.C. Code §28-3905(k)(1)(B); D.C. Code §28-3814(j)(1); D.C. Code §28-3814(j)(2); and D.C. Code §28-3813(e).

**TRIAL BY JURY IS DEMANDED.**

**Jah Jah Bey**

By _____

Jah Jah Bey
1462 Belmont Street NW
Washington, DC
(202) 500-1331
jahjahbey@gmail.com
*Pro Se Plaintiff*

IN THE SUPERIOR COURT FOR THE
DISTRICT OF COLUMBIA

JAH JAH BEY,
1462 Belmont Street
NW, District of Columbia 20009

CASE NO.

Plaintiff,

Judge:

vs.

GC SERVICES LIMITED PARTNERSHIP,
Serve: C T Corporation System
1015 15th Street Suite 1000
NW, District of Columbia 20005

Defendant.

### VERIFICATION OF COMPLAINT AFFIDAVIT

BEFORE ME personally appeared Jah Jah Bey who, being by me first duly sworn and identified in accordance with all applicable Law, deposes and says:

1. My name is Jah Jah Bey, Plaintiff herein.
2. I have read and understood the attached foregoing Complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT

_____
Jah Jah Bey, Affiant

SWORN TO and subscribed before me this 27 day of March 2015.

District of Columbia: SS
The foregoing instrument was acknowledged before me this 27 day of March 2015
by Jah Jah Bey
_____
Notary Public, D.C.
My commission expires 11-30-2016

